UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN TRISVAN,

                Petitioner,

   -against-

ROBERT ERCOLE,

                Respondent.
------------------------------------------------------------X

MEMORANDUM
AND ORDER

07-CV-4673 (NG)

GERSHON, United States District Judge:

By petition dated October 31, 2007, petitioner JOHN TRISVAN, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reason set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Thus, the Court directs petitioner to submit an affirmation to show cause why the petition should not be dismissed as time-barred.

## Background

On December 11, 1997, petitioner was convicted and sentenced to 12½ to 25 years imprisonment for manslaughter in the first degree before the New York Supreme Court, Kings County. See Petition at ¶¶ 1-5. On February 11, 2001, the Appellate Division affirmed the conviction, People v. Trisvan, 280 A.D.2d 563 (2d Dep't 2001), and the New York Court of Appeals denied leave to appeal on June 29, 2001, People v. Trisvan, 96 N.Y.2d 869 (2001), and denied reconsideration on December 17, 2001. People v. Trisvan, 97 N.Y.2d 688 (2001). See Petition at ¶¶ 8-9. Petitioner raises four grounds related to his judgment of conviction. See Petition at ¶ 12.

1

In the section addressing the timeliness of the petition, Trisvan alleges that "I am challenging my petition for clemency which was denied on Nov. 6th 2006, on the grounds that 14th Amendment rights were infringed upon by the clemency bureau and former Governor George E. Pataki by denying me relief when sufficient facts demonstrates within my petition that I am/was entitled to relief." See Petition at ¶ 18.

## Discussion

**I.     Clemency Petition**

"Article IV, § 4 of the New York Constitution and section 15 of the Executive Law vest authority to commute sentences for all offenses, except treason and cases of impeachment, with the Governor ... and the power to grant clemency remains vested by law with the Governor and not with th[e state] Court." People v. Bedell, 210 A.D.2d 922, 923-924 (4th Dept. 1994); see also People v. Sean D., 11 Misc. 3d 1055 (N.Y. Co. Ct. 2006). Accordingly, "[c]lemency proceedings are not part of the trial-or even of the adjudicatory process ... They are conducted by the executive branch, independent of direct appeal and collateral relief proceedings." Ohio Adult Parole Authority v. Woodard, 523 U.S. 272, 284-285 (1998) (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7-8 ( 1979); Herrera v. Collins, 506 U.S. 390, 411-415 (1993) (recognizing the traditional availability and significance of clemency as part of executive authority, without suggesting that clemency proceedings are subject to judicial review); Ex parte Grossman, 267 U.S. 87, 120-121 (1925) (executive clemency exists to provide relief from harshness or mistake in the judicial system, and is therefore vested in an authority other than the courts). Thus, to the extent petitioner seeks review of the denial of his clemency petition, this Court has no authority to review such a denial. See, e.g., Perez v. Keane, No. 95 Civ. 2640, 1996 WL 599695, at *8 (S.D.N.Y. Oct. 17, 1996).

## II. Statute of Limitations

With the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); see also Lindh v. Murphy, 521 U.S. 320, 327 (1997). To the extent that petitioner is challenging his 1997 Kings County judgment of conviction, under subsection (A),[1] the instant petition appears untimely. Petitioner's conviction became final on or about March 17, 2001, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, — U.S. —, 127 S.Ct. 1079, 1084-85 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). In order to be timely, the instant petition should have been filed in federal court on or before March 18, 2002. Since the instant petition was filed on October 31, 2007, more than 5 years after the one year limitations period had already expired, it is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

---

[1] Petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

A. Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation period. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). Here, petitioner alleges that he filed three state petitions for a writ of habeas corpus, one on September 16, 2004 which was denied on October 18, 2004, the second on January 26, 2005 which was denied on June 23, 2005 and the third on April 9, 2007 which was denied on September 11, 2007. See Petition at 4-5, ¶¶ 10-11. However, none of these petitions can toll the limitations period since none of the petitions were filed during the one year limitations period. By petitioner's own admission, all of the petitions were filed after the limitation period had already expired on March 18, 2002.

B. Equitable Tolling

The limitations period, however, may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 127 S.Ct. at 1085 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted). As currently presented, petitioner does not provide any basis for seeking equitable tolling of the limitations period.

## Conclusion

Should petitioner wish to proceed to challenge his judgment of conviction and not his denial of clemency, then he must show cause by written affirmation,[2] within 30 days from entry of this order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. Day v. McDonough, 547 U.S. 198, 209 (2006) ("a court must accord the parties fair notice and an opportunity to present their positions") (citing Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000)). Petitioner's affirmation should include any facts which would support tolling of the one year limitations period. No response shall be required at this time and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this order. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

**SO ORDERED.**

s/NG

**NINA GERSHON**
**United States District Judge**

Dated: November 26, 2007
Brooklyn, New York

---

[2] An affirmation form is attached to this order for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

JOHN TRISVAN,

        Petitioner,

-against-

ROBERT ERCOLE,

        Respondent.

**PETITIONER'S AFFIRMATION**

**07-CV-4673 (NG)**

_____X

JOHN TRISVAN, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]_____

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____

_____
City, State & Zip Code